UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:18-cv-00430-JLS-JDE                              Date: May 09, 2018
Title: James Sanchez v. YRC Inc., et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  Terry Guerrero  | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                         Not Present

**PROCEEDINGS:  (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 18)**

Before the Court is a Motion to Remand filed by Plaintiff James Sanchez. (Mot., Doc. 18.) Defendants YRC Inc. and Dominic DeSantis opposed, (Opp., Doc. 20), and Plaintiff replied, (Reply, Doc. 20). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing set for May 11, 2018, at 2:30 p.m., is VACATED. For the following reasons, the Motion to Remand is GRANTED.

I.  **BACKGROUND**

Plaintiff James Sanchez, a citizen of California, worked as a driver for YRC for 22 years. (FAC ¶¶ 1, 13, Doc. 1-5.) He identifies as Hispanic and is of Mexican national origin. (*Id*. ¶ 127.) Plaintiff was transferred to YRC's Orange branch in or around 2008, where his manager was Dominc DeSantis. (*Id*. 127(a)-(b).) Plaintiff alleges that he experienced a hostile work environment based on his race and national origin while at the Orange branch. In particular, DeSantis accused him of being a thief. (*Id*. ¶ 127(b).) DeSantis also made "multiple racially insensitive remarks in Plaintiff's presence," including a May 2015 comment that "Mexicans are only good for mowing lawns." (*Id*. ¶ 127(c).) Defendants also harassed Plaintiff by "routinely subject[ing] Plaintiff to biased

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:18-cv-00430-JLS-JDE            Date: May 09, 2018
Title: James Sanchez v. YRC Inc., et al.

personnel management decisions," such as writing him up or suspending him either for false reasons or for conduct for which non-Hispanic or non-Mexican employees were not disciplined. (*Id.* ¶ 127(d).) Plaintiff complained about the environment, including in January 2016 and May 2016. (*Id.* ¶ 127(h)-(j).) After he made complaints, "Defendants increased the intensity and aggressiveness with which they targeted Plaintiff for unjust discipline." (*Id.* ¶ 127(f).) Plaintiff also describes that he was discriminated against due to a back injury, and that YRC failed to engage in the interactive process regarding his disability. (*See id.* ¶¶ 1-125.)

On or about October 13, 2016, Plaintiff filed a complaint of harassment and discrimination based on race and national origin, and retaliation, with the Department of Fair Employment and Housing. (*Id.* ¶ 127(n).) He filed the instant suit in state court on January 2, 2018. (*Id.* ¶ 127(p).) He amended his complaint on January 12, 2018, including eleven causes of action. (*See* FAC.) All eleven causes of action were brought against YRC; only two causes of action, those for harassment based on race and national origin and intentional infliction of emotional distress, were also brought against DeSantis. (*Id.*)

## II.     <u>LEGAL STANDARD</u>

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or complete diversity between the parties, *see* 28 U.S.C. § 1332. Thus, "[a] defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). "However, it is to be presumed that a cause lies outside [the] limited jurisdiction of [the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006)). There is a "strong presumption" against removal jurisdiction, and courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

In establishing diversity jurisdiction, "one exception to the requirement for complete diversity is where a non-diverse defendant has been fraudulently joined."

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:18-cv-00430-JLS-JDEDate: May 09, 2018
Title:  James Sanchez v. YRC Inc., et al.
_____

*Hunter*, 582 F.3d at 1043 (citation and internal quotation marks omitted). "In such a case, the district court may ignore the presence of that defendant for the purpose of establishing diversity." *Id.* "There is a strong presumption against finding fraudulent joinder: 'In the Ninth Circuit, a non-diverse defendant is deemed to be fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in plaintiff's favor, the plaintiff could not *possibly* recover against the party whose joinder is in question.'" *Cervantes v. Wells Fargo Bank, N.A.*, No. 15-cv-178-JLS-DTBx, 2015 WL 2127215, at *3 (C.D. Cal. May 6, 2015) (emphasis in original) (citing *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1062 (C.D. Cal. 2012).

Only "if there is [no] possibility that a state court would find that the complaint states a cause of action against any of the resident defendants," *Hunter*, 582 F.3d at 1046 (citation omitted) (emphasis added), and "the failure is obvious according to the settled rules of the state," *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 2001), may a district court retain jurisdiction.  "In other words, the case must be remanded 'unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency.'" *Wilson-Condon v. Allstate Indemnity Co.*, No. 11-cv-05538-GAF (PJWx), 2011 WL 3439272, at *2 (quoting *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009)).  "The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339 (citation omitted).  The "test for fraudulent joinder and failure to state a claim under Rule 12(b)(6) are not equivalent." *Grancare, LLC v. Thrower*, F.3d __, 2018 WL 1955039, at *3 (9th Cir. Apr. 26, 2018).  The "district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.* at *4.

### III. **DISCUSSION**

On April 11, 2018, Plaintiff filed the instant Motion, arguing that complete diversity between the parties is lacking because Plaintiff and DeSantis are both California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:18-cv-00430-JLS-JDE            Date: May 09, 2018
Title: James Sanchez v. YRC Inc., et al.

citizens. (Mem. at 1.) Defendants argue that DeSantis is a fraudulently joined "sham" defendant whose citizenship should be disregarded for purposes of diversity. (Opp. at 8.)

      Plaintiff brings two claims against DeSantis, one for harassment based on race and national origin in violation of FEHA, and one for intentional infliction of emotional distress. (*See* FAC ¶¶ 126–139, 230–242.) To establish a prima facie case for a harassment under FEHA, a plaintiff "must show that he was subjected to unwelcome . . . race- or . . . [national origin]-related 'verbal or physical conduct that was sufficiently severe or pervasive to alter the conditions of plaintiff's employment and create an abusive work environment.'" *Hooker v. Parker-Hannifin Corp.*, No. SACV 11-483-JLS (Ex), 2012 WL 1156437, at *4 (C.D. Cal. Apr. 3, 2012), *aff'd*, 585 F. App'x 386 (9th Cir. 2014) (quoting *Stevens v. Cnty. of San Mateo*, No. 06-15634, 267 Fed. Appx. 684, 685-86 (9th Cir. Feb. 22, 2008)).

      Defendants argue that Plaintiff's allegations against DeSantis fail for two reasons. First, Defendants argue that DeSantis' alleged conduct was not "sufficiently severe or pervasive" to rise to the level of actionable harassment. (Opp. at 14.) Second, they argue that DeSantis' comment to Plaintiff that "Mexicans are only good for mowing lawns" is outside of the statute of limitations. (*Id.*) Plaintiff argues that the continuing violations doctrine applies, and that his complaint includes allegations of routine biased personnel management decisions intended to harass Plaintiff that continued into the period covered by the one-year statute of limitations. (Mem. at 16.) To determine if the doctrine applies, courts consider whether an employer's actions are "sufficiently similar in kind," whether "they occur with sufficient frequency," and whether "they have not acquired a degree of 'permanence' so that employees are on notice that further efforts at informal conciliation with the employer . . . would be futile." *Richard v. CH2M Hill, Inc.*, 26 Cal. 4th 798, 802 (2001). The Court concludes that Plaintiff has demonstrated at least a possibility that a court would apply the continuing violations doctrine to allow consideration of DeSantis' May 2015 comment. In particular, he alleges that as he "made complaints regarding the race/national origin harassment, Defendants increased the intensity and aggressiveness with which they targeted Plaintiff for unjust discipline." (FAC ¶ 127(f)). He alleges that these complaints occurred in January 2016 and May 2016, so harassment occurring after

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:18-cv-00430-JLS-JDE                                        Date: May 09, 2018
Title: James Sanchez v. YRC Inc., et al.

these complaints falls within the statute of limitations. (*Id*. ¶¶ 127(h)-(J)). Defendants highlight that Plaintiff does not specifically name DeSantis as a harasser in these paragraphs, but this argument is unpersuasive because DeSantis is included in the category of "defendants." (Opp. at 15.)

Second, Defendants argue that allegations of DeSantis's disparate discipline cannot form part of a harassment claim. (Opp. at 16-17.) However, even "necessary" managerial actions, when undertaken in a demeaning manner, may constitute harassment under FEHA. *See Roby v. McKesson Corp.*, 47 Cal. 4th 886, 706 n.10 (Cal. 2009), *as modified* (Feb. 10, 2010) (discussing how official employment actions done in furtherance of a supervisor's managerial role may constitute harassment, and even "necessary" actions may constitute harassment if they are undertaken in a demeaning manner). Against the backdrop of DeSantis' comment about Mexicans, the Court is not persuaded that there is *no* possibility that Plaintiff could establish that these disciplinary actions communicated a hostile message.

Finally, the Court expresses no opinion as to whether these allegations taken as a whole are sufficient to rise to the level of actionable harassment. However, to the extent that there is such a deficiency, Plaintiff could seek leave to amend to allege additional facts that demonstrate the pervasiveness and severity of DeSantis' conduct. *See Grancare*, 2018 WL 1955039, at *3.

Accordingly, Defendants have failed to establish that "there is absolutely no possibility that the plaintiff will be able to establish a cause of action against [DeSantis]." *Davis v. Prentiss Properties Ltd., Inc.*, 66 F. Supp. 2d 1112, 1113 (C.D. Cal. 1999) (citation omitted). Because the Court concludes that there is a possibility Plaintiff can establish a FEHA harassment claim against DeSantis, it does not reach the issue of the intentional infliction of emotional distress claim.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is GRANTED. The Court declines to impose monetary sanctions. The Case is therefore remanded to Orange County Superior Court, Case No. 30-2018-00964494-CV-WT-CJC.